UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THERESA KOHUTKA,

                       Plaintiff,

      -against-                              **MEMORANDUM OF**
                                                    **DECISION AND ORDER**
THE TOWN OF HEMPSTEAD, CHARLES         11-cv-1882 (ADS)(WDW)
MILONE, JOHN ALLBACK, CHRISTINE
REEKE, DEBRA BOVE, and BRIAN
BRACCIO,

                       Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**The Law Offices of Steven Morelli**
*Attorneys for the Plaintiff*
1461 Franklin Ave.
Garden City, NY 11530
        By:    Steven A. Morelli, Esq.
                Joshua S. Beldner, Esq., Of Counsel

**Jaspan, Schlesinger LLP**
*Attorneys for the Defendants Town of Hempstead, John Allback, Christine Reeke, Debra Bove, and Brian Braccio*
300 Garden City Plaza
Garden City, NY 11530
        By:    Lisa Cairo, Esq.
                Laurel R. Kretzing, Esq., Of Counsel

**Law Offices of Dennis M. Lemke**
*Attorneys for the Defendant Charles Milone*
114 Old Country Road
Suite 212
Mineola, New York 11501
        By:    Lawrence V. Carra, Esq., Of Counsel

**SPATT, District Judge.**

Familiarity with the facts and procedural history of this case is presumed. However, by way of background, the Plaintiff in this case, Theresa Kohutka ("Kohutka" or the "Plaintiff"), commenced this action on April 15, 2011 against the Defendants the Town of Hempstead (the "Town"), Charles Milone, John Allback, Christine Reeke, Debra Bove, and Brian Braccio, asserting causes of action pursuant to 42 U.S.C. § 1983; the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296 *et seq.*; and the Nassau County Human Rights Law ("NCHRL").

On August 5, 2011, the Defendants moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

By Memorandum of Decision and Order dated March 20, 2012, this Court denied that motion.

On October 17, 2013, the Town, Allback, Reeke, Bove, and Braccio moved pursuant to Fed. R. Civ. P. 56 for summary judgment dismissing the complaint. On that same day, Milone moved separately for the same relief. The Plaintiff opposed the respective motions.

On January 29, 2014, the Court granted in part and denied in part the motion for summary judgment. Kohutka v. Town of Hempstead, 11-CV-1882 (ADS) (WDW), 2014 WL 320630 (E.D.N.Y. Jan. 29, 2014)(Spatt, J.). The Court granted the motion to the extent that it (1) dismissed the Plaintiff's Section 1983 First Amendment Retaliation claims against Milone, Allback, Reeke, Bove, and Braccio

2

in their individual capacities; (2) dismissed the Section 1983 Equal Protection Hostile Work Environment claims against Allback, Reeke, Bove, and Braccio in their individual capacities; (3) dismissed the NCHRL claims against the Defendants with prejudice; (4) and dismissed the NYSHRL claims against Bove and Braccio. The Court denied the motion as to the Plaintiff's (1) Section 1983 First Amendment Retaliation claims against the Town; (2) Section 1983 Equal Protection Hostile Work Environment claims against the Town and Milone; and (3) NYSHRL claims as to the Town, Milone, Allback, and Reeke.

On February 12, 2014, the Town, Allback, and Reeke moved pursuant to Rule 6.3 of the Local Rules of the United States District Court for the Southern and Eastern District of New York for partial reconsideration of the order dated January 29, 2014 insofar as it denied the motion for summary judgment against them.

On February 20, 2014, Milone joined the motion for partial reconsideration. Local Rule 6.3 specifies that such motions must be made within fourteen days of the issuance of the order about which the moving party seeks reconsideration. "A party's failure to abide by this schedule is a basis for denying a motion for reconsideration." United States v. One Etched Ivory Tusk of African Elephant, 10-CV-308 (NGG) (SMG), 2012 WL 4076160, at *1 (E.D.N.Y. Aug. 27, 2012). Further, a party, like Milone, may not belatedly join another litigant's motion and thereby circumvent the timeliness requirements of the rule. See Tarlton v. Exxon, 688 F.2d 973, 977 n. 4 (5th Cir. 1982)(examining similar situation under Fed. R. Civ. 59(b)), cert. denied, 463 U.S. 1206, 103 S. Ct. 3536, 77 L. Ed. 2d 1387 (1983). Accordingly, the Court denies the motion for reconsideration as to Milone.

Also, for the reasons set forth below, the motion for partial reconsideration by the Town, Allback, and Reeke is also denied.

## I. DISCUSSION

Local Civil Rule 6.3 governs motions for reconsideration, which are subject to the Court's discretion. Ehrlich v. Inc. Village of Sea Cliff, No. CV 04–4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) (quoting McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion for reconsideration is an opportunity, not to repeat arguments that have already been considered by the court, but rather to bring overlooked matters to the court's attention. Id.; see also EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003).

The Defendants contend that this Court overlooked controlling case law holding that unrelated and sporadic incidents of the type and numbers of which the Plaintiff complains of here are insufficient as a matter of law to constitute a hostile work environment. The Court disagrees.

It is true that conduct alleged to have created a hostile work environment "must be more than episodic; [it] must be sufficiently continuous and concerted in order to be deemed pervasive." Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted). However, as the Court previously found

4

in the summary judgment order, while some of the incidents complained about the Plaintiff were minor and sporadic, "[t]aken together, . . . the frequency and severity of the harassment alleged in this case materially altered the Plaintiff's work environment for the worse" as to constitute a hostile work environment. Kohutka, 2014 WL 320630, at *14.

The facts of Alfano are distinguishable. There, the Second Circuit, in reversing a jury verdict, determined that a female correction officer's evidence of four sex-related incidents, coupled with eight sex neutral incidents, were insufficient as a matter of law to establish that she experienced a hostile work environment based on her sex because the incidents lacked the necessary pervasiveness and severity. Alfano involved, over a four-year period, sex-based incidents of superiors mocking how a female employee ate a carrot, a sexually evocative cartoon of plaintiff, and discriminatory disciplinary proceedings.

Here, the sex-based incidents involved, first and foremost, the confrontation between the Plaintiff and Allback on April 16, 2008, on which occasion Allback called the Plaintiff a "f***ing c*unt" in front of multiple supervisors and approximately seven employees. See Howley v. Town of Stratford, 217 F.3d 141, 154 (2d Cir. 2000) (a single incident of obscene comments by a coworker created a hostile work environment where the comments were made "at length, loudly, and in a large group in which [plaintiff] was the only female and many of the men were her subordinates" and "included charges that [the plaintiff] had gained her rank of lieutenant only by performing fellatio"). The Plaintiff was also allegedly falsely accused of (1) grabbing Allback's testicles; (2) having an affair with Mike Errico,

5

the Plaintiff's former work partner; and (3) grabbing Errico's testicles. In the Court's view, the sex-based incidents in this case substantially outweigh the severity of the sex-based incidents in Alfano.

Further, the Court finds the Defendants' reliance on Albert-Roberts v. GGG Const., LLC, 12-3755-CV, 2013 WL 5911494 (2d Cir. Nov. 5, 2013) even less compelling. There, the Second Circuit held that, under the circumstances, the single instance of the use of the word "nigger" did not establish a *prima facie* case of a hostile work environment. However, unlike here, the derogatory slur was not stated in the presence of co-workers. In other words, as this Court previously found in the motion to dismiss order, "[t]he comments and conduct at issue [on April 16, 2008] were sexually explicit, offensive, highly derogatory, and publicly made." (Mem & Order, at 27.)(emphasis added), citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)(noting that while a "mere offensive utterance" might not create a hostile environment, conduct which is "humiliating" is more likely to do so).

To the extent the Defendants' challenge the Plaintiff's testimony as unsupported by the remainder of the record, the Court notes that it cannot weigh the evidence and attempt to resolve these credibility issues on summary judgment. See e.g., Vital v. Interfaith Med. Center, 168 F.3d 615, 622 (2d Cir. 1999) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment. Any weighing of the evidence is the prerogative of the finder of fact, not an exercise for the court on summary judgment."); see also Curry v. City of Syracuse, 316 F.3d 324, 333 (2d

6

Cir. 2003) ("[I]t is well established that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'").

The Defendants further assert that the Plaintiff offered no evidence that any hostile work environment resulted from gender or political-based discrimination. Relying on Novak v. Waterfront Commission of New York Harbor, 928 F. Supp. 2d 723, 730–31 (S.D.N.Y. 2013), the Defendants assert that actionable claims do not result from acrimony that arises from the failure of a personal relationship – here, between the Plaintiff and Allback. However, as the Court previously held, "there is no *per se* bar against hostile work environment claims based on gender that arise, whether entirely or not, out of a failed consensual relationship." Kohutka, 2014 WL 320630, at *23, citing, among other cases, Sclafani v. PC Richard & Son, 668 F. Supp. 2d 423, 433 (E.D.N.Y. 2009)(rejecting "broad proposition" "that, if an employee engages in a consensual relationship with a co-worker, any harassment following the termination of that relationship is not actionable when there is evidence that the harassing co-worker acted out of personal animosity or jealousy.").

Similarly, the Court declines to disturb its previous finding that a triable issue of fact existed as to whether the alleged hostile work environment resulted in part from the Plaintiff's political activity, or lack thereof, with the local Republican Party. The Court found as follows:

> There is evidence in the record that the Plaintiff was encouraged by Milone to be active within the local Republican Party, and it was known among all employees that it was crucial to be so involved in

7

>order to advance in their jobs. Moreover, there is evidence that, on one occasion, Milone told Kohtuka that she should join her Town Republican Club and get more involved in the Republican Party in order to be promoted. The Plaintiff testified that, when she declined to do so, in retaliation, she was not promoted.

Kohutka, 2014 WL 320630, at *20.

With respect to the Plaintiff's First Amendment Retaliation claim, the Defendants contend that this Court erroneously identified evidence in the record to suggest that the non-retaliatory reasons for failing to promote the Plaintiff were pretext. In particular, Assistant Town Attorney Susan Jacobs submitted a declaration indicating that there was a concern that the Plaintiff would not make an effective supervisor given her workplace demeanor and the continuing animosity between her and some of her co-workers who would then become her subordinates. (Jacobs Decl. ¶ 8.).

However, as the Court previously held, that "such considerations could be equally applicable to Bove who, according to the Plaintiff, tailgated her on one occasion." 2014 WL 320630, at *15. The fact that Kohutka never filed a complaint about this incident or confronted Bove may not be material, if as, Kohutka testified, she reported the incident to Milone.

Similarly, the Court declines to disturb its finding that a triable issue of fact existed as to whether the Defendants' argument that Bove was awarded the position, instead of the Plaintiff, was pretext. The Defendants point to the declaration of Lori Farina, who supervised the preparation of the Kennel Supervisor I Eligible List, wherein she stated that "Seniority Credits are a function of time in the Civil Service System and applied in order to come up with the final score on the

8

examination. Seniority Credits are not a function of determining who will be appointed among the three top scorers. It is already included in the score." (Farina Decl. ¶ 6.).

This argument is belied by the record. The promotional list demonstrates that seniority credits are not included in each candidates' final score. Specifically, the column containing each applicant's "final score," does not, as the Defendants assert, include the seniority credits because each candidates "initial score" is identical to the "final score." (Pl.'s Exh. A.) Further, even if the promotional decision was based on seniority as a town employee rather than on seniority within a competitive civil service position, no explanation supports the fact that Guy Bove, who became a Town employee one year after the Plaintiff, was awarded the second promotional position instead of the Plaintiff.

Finally, the Court notes that the "one-in-three" rule set out by § 61 of the New York Civil Service Law "will not protect an employer who has otherwise made employment decisions based on discriminatory factors." Hansen v. Town of Irondequoit, 896 F. Supp. 110, 115 (W.D.N.Y. 1995); see also Vivienzio v. City of Syracuse, 545 F. Supp. 2d 241, 253 (N.D.N.Y. 2008)("The fact that a municipality complied with the rule of three in making a hiring decision does not mean that it did not also engage in unlawful discrimination."), judgment vacated on other grounds, 611 F.3d 98 (2d Cir. 2010).

For the foregoing reasons, the Court denies the motion for partial reconsideration. The Clerk of the Court is directed to terminate docket entry numbers 58 and 63.

9

**SO ORDERED.**

Dated: Central Islip, New York
March 3, 2014

                                                    *Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                    United States District Judge